UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARK BONDS,                          )
                                     )
                    Petitioner,      )
                                     )
          v.                         )          No. 1:18-cv-03538-JMS-TAB
                                     )
KEITH BUTTS, Warden                  )
                                     )
                    Respondent.      )

**Order Granting Respondent's Motion to Dismiss,
Denying Certificate of Appealability,
and Directing Entry of Final Judgment**

**I. Introduction**

Petitioner Mark Bonds is an Indiana prisoner incarcerated by respondent in the New Castle

Correctional Facility pursuant to the judgment of Marion County (Indiana) Superior Court, case

number 49G03-1009-FA-074984. Mr. Bonds seeks habeas corpus relief, but respondent contends

that the petition was filed too late, after the limitations period prescribed in 28 U.S.C. § 2244(d)

had run and moves to dismiss the petition on that ground. Mr. Bonds replied in opposition to the

motion but his arguments are unavailing. For the reasons explained below, respondent's motion to

dismiss, dkt. [9], is **granted** because the petition is untimely, and the petition is therefore

**dismissed with prejudice**.

**II. Controlling Law**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to

state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal

habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). The applicable statute of limitations provision is one year.

> [A] state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

*Wood v. Milyard,* 566 U.S. 463, 468 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)); *see also Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015). Pursuant to 28 U.S.C. § 2244(d)(2), the running of this one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court. *See Price v. Pierce,* 617 F.3d 947, 950 (7th Cir. 2010) (quoting 28 U.S.C. § 2244(d)(2)).

Thus, a petition challenging a conviction that became final more than one year prior to the petition's filing is untimely and, subject to the rare exception of equitable tolling, must be dismissed. *Gladney*, 799 F.3d at 894 (citing 28 U.S.C. § 2244(d)(1)(A)).

### III. State Court Procedural History

Mr. Bonds was convicted following a jury trial in the Marion County Superior Court on October 31, 2012. A judgment of conviction was entered on the docket on November 1, 2012, and sentencing occurred November 13, 2012. A direct appeal was pursued to the Indiana Court of Appeals in case number 49A02-1212-CR-974, which ended on June 4, 2013, with the court's affirmance of Mr. Bonds's convictions. Dkt. 9-6. A petition to transfer to the Indiana Supreme Court was denied on August 15, 2013. Review before the Supreme Court of the United States was not sought, thus Mr. Bonds's conviction became final on November 13, 2013, ninety days after the Indiana Supreme Court denied transfer. 28 U.S.C. § 2244(d)(1)(A); *Gonzales v. Thayer*, 565 U.S. 134, 150 (2012).

Mr. Bonds had commenced a pro se petition for post-conviction relief in the trial court on September 30, 2013, *before* his conviction became final. Dkt. 9-1, p. 29. Thus the limitations period in Section 2244(d) did not begin to run after the conviction became final because a properly filed application for state post-conviction review was then pending. 28 U.S.C. § 2244(d)(2). The post-conviction petition was denied on the merits by the trial court on August 24, 2016. Dkt. 9-1, p. 39. An appeal was taken to the Indiana Court of Appeals in case number 49A02-1608-PC-1943, with that court affirming the denial of post-conviction relief on July 19, 2017. Dkt. 9-12.

Respondent asserts that Mr. Bonds did not thereafter seek transfer to the Indiana Supreme Court, but Mr. Bonds asserts that he did. The record shows that Mr. Bonds filed a petition for transfer with the appellate clerk, but the clerk issued a "notice of defect" on August 8, 2017, because the petition's certificate of service was undated. Dkt. 9-8, p. 10. The defective petition was returned to Mr. Bonds on October 18, 2017. *Id.* There is no record of any further attempt to seek transfer to the Indiana Supreme Court. The 28 U.S.C. § 2241(d)(1) limitations period could have started to run on July 19, 2017, when the Court of Appeals denied the post-conviction appeal. But it might not have started until thirty days later, on August 18, 2017, when the time for filing a petition for transfer to the Indiana Supreme Court expired. Ind. R. App. P. 56.C. [1] The Court will use the later date to determine whether the instant habeas corpus petition is timely.

Mr. Bonds filed a petition for leave to pursue a successive post-conviction action on May 22, 2018. This type of filing is allowed by Indiana law, *see* Ind. Post-Conviction Rule 12, but it does *not* toll the Section 2241(d)(1) limitations period. *Martinez v. Jones*, 556 F.3d 637, 638-39

---

[1] Where seeking further review was *not* timely sought following the conclusion of an intermediate court of appeals decision in a post-conviction proceeding, the question of whether the thirty-day period for seeking that review should be included in the statutory (28 U.S.C. § 2244(d)(2)) tolling period is an undecided question. *Johnson v. McCaughtry*, 265 F.3d 559, 563-64 (7th Cir. 2001) (noting issue and collecting cases, but declining to decide the question).

(7th Cir. 2009) (per curiam) (holding that a state's pre-authorization process does not toll the AEDPA's limitations period); *Tinker v. Hanks*, 255 F.3d 444, 445-46 (7th Cir. 2001).

Thus in this case, calculating the number of days that have run in the limitations period is determined by counting the number of days between August 18, 2017 (when the post-conviction proceeding became final) and the filing of the instant habeas corpus petition on November 13, 2018. There were no intervening periods of tolling. A total of 452 days elapsed, which is 87 days after the limitations period expired.

This timeline illustrates the calculation with the number of days in the statute of limitations (SOL) period noted as well as whether the period is running or tolled:

| Event | Date | Number of Days Remaining |
|---|---|---|
| Conviction became final | November 13, 2013 | 365 (not yet running) |
| Post-Conviction appeal denied | July 19, 2017 | 365 (not running/tolled) |
| Time to seek transfer expires | August 18, 2017 | 365 (starts to run/not tolled) |
| Successor post-conviction attempts | May 22, 2018 | [no effect – SOL still running] |
| Due date for habeas corpus petition | August 18, 2018 | 0 – last day of SOL |
| Habeas corpus petition filed | November 13, 2018 | 87 days overdue |

The Section 2244(d)(1) limitations period has been exceeded by 87 days, thus Mr. Bonds's petition is untimely. *Gladney*, 799 F.3d at 894.

## IV. Equitable Tolling

Mr. Bonds argues that he is entitled to invoke the doctrine of equitable tolling, allowing his petition to be considered despite it being filed after the limitations period had expired. He contends that his court-appointed direct appeal attorney had an obligation to meet the federal habeas corpus filing deadline.

In *Mayberry v. Dittmann*, 904 F. 3d 525, 529-30 (7th Cir. 2018), the Seventh Circuit held that "[e]quitable tolling of [the] . . . one-year limitations period is an extraordinary remedy that is 'rarely granted.'" A habeas petitioner trying to obtain the benefit of equitable tolling must

demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*, citing *Holland v. Florida*, 560 U.S. 631, 649 (2010).

A habeas petitioner bears the burden of establishing both elements of the *Holland* test; failure to show either element will disqualify him from eligibility for tolling. *Mayberry*, 904 F.3d at 529-30 (citing *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755–56 (2016), and *Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007)); *see also Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Turning to the first of the two *Holland* factors, Mr. Bonds fails to demonstrate that he has been diligently pursuing his rights. 560 U.S. at 649. The record does not reflect that he has done so, and Mr. Bonds offers no argument as to why he meets this factor. Two hundred and ninety-seven days, or almost ten months, passed after the first state post-conviction proceeding and before Mr. Bonds attempted a second round of post-conviction relief. After his successor post-conviction effort failed, Mr. Bonds allowed another one hundred and thirty-seven days, or more than four months, to pass before filing this action. Mr. Bonds has not met his burden to demonstrate that he was diligent in pursuing relief.

Although the failure to satisfy the first factor is fatal to Mr. Bonds's invocation of equitable tolling, the Court also notes that Mr. Bonds offers nothing but an unsupported argument that his court-appointed direct appeal counsel had some obligation to meet his federal habeas corpus filing deadline. He provides no authority to show or suggest that direct appeal counsel had any federal habeas corpus filing responsibilities. The record shows that counsel was a public defender for the county public defender agency, and any federal court obligation is not apparent from the record and not cited by Mr. Bonds.

Without more, Mr. Bonds's assertions that his direct appeal counsel failed to meet a filing deadline is an assertion of ineffective assistance of counsel. But ineffectiveness of counsel, even miscalculations of deadlines or not knowing about deadlines, is not the type of extraordinary circumstance that stood in Mr. Bonds's way and prevented him from being able to timely file. *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (an attorney's mistake or miscalculation is not sufficient to warrant equitable tolling). *See also Lombardo v. United States*, 860 F.3d 547, 553 (7th Cir. 2017). Mr. Bonds failed to meet the second *Holland* factor as well.

## V. Dismissal of Petition

As noted above, respondent's motion to dismiss, dkt. [9], is **granted**. The petition for a writ of habeas corpus is **dismissed with prejudice** because it is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). No circumstances are present that justify the application of equitable tolling. *Holland*, 560 U.S. at 649; *Mayberry*, 904 F. 3d at 529-30. Final judgment consistent with this Order shall now enter.

## VI. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal. Federal law requires that he first obtain a [certificate of appealability (COA)] from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' § 2253(c)(2)." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

At the COA stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims . . . ." *Id. (*quoting *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find it "debatable whether [this court] was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and that the issues presented are not of such novelty as to deserve further debate. The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 3/14/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Mark Bonds
230545
New Castle Correctional Facility – Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel